# United States Court of Appeals for the Federal Circuit

---

**GINETTE J. EBEL,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7125

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-4130, Judge Frank Q. Nebeker.

---

Decided: March 21, 2012

---

PHILIP ANDREW RILEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, argued for claimant-appellant. With him on the brief were DORIS JOHNSON HINES and RONALD L. SMITH.

MARTIN F. HOCKEY, JR. Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY

WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and LAUREN A. WEEMAN, Trial Attorney. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and RACHAEL T. SHENKMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before PROST, SCHALL, and REYNA, *Circuit Judges*.

PROST, *Circuit Judge*.

Ginette J. Ebel appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") to vacate and remand the decision of the Board of Veterans' Appeals ("Board") denying Mrs. Ebel's claim for service connection on behalf of her deceased husband. *Ebel v. Shinseki*, No. 08-4130, 2011 WL 378851 (Vet. App. Feb. 7, 2011). Because the decision of the Veterans Court was not a final decision, we dismiss the appeal for lack of jurisdiction.

BACKGROUND

Lowell A. Ebel ("the veteran") served in the U.S. Army and then the U.S. Navy in the 1960s. Specifically, from February 1966 to February 1967 and from November 1968 to November 1969, Mr. Ebel served in Vietnam. The veteran was honorably discharged and subsequently received service connection compensation for arthritis and hearing loss. In November 1993, Mr. Ebel had a malignant melanoma surgically removed from his umbilicus. The malignant melanoma continued to spread and in October 1994, he died from respiratory arrest ultimately due to malignant melanoma.

Mrs. Ebel, the surviving widow, filed an Application for Dependency and Indemnity Compensation ("DIC"), alleging that her husband's death was service connected. Specifically, Mrs. Ebel argued that her husband's malignant melanoma was the result of his exposure to Agent Orange and extensive sunlight while serving in Vietnam. In November 1994 and in May 1998, the Department of Veterans Affairs ("VA") Regional Office ("RO") denied Mrs. Ebel's claim for service connection.

In 2004, Mrs. Ebel filed the current claim for service connection and submitted an internet article discussing an Air Force study that found an elevated risk of melanoma in Air Force veterans who were exposed to Agent Orange. After the RO refused to reopen the claim, the Board reopened and remanded the claim, finding that the internet article constituted new and material evidence that needed to be considered in addition to the veteran's medical records.

On remand, a VA medical examiner reviewed the medical records on file, including those created during his period of service and leading up to Mr. Ebel's death, and various articles regarding the correlation between melanoma and Vietnam veterans. In his April 2008 VA opinion ("examiner's opinion"), the examiner determined that "[i]t is at least as likely as not . . . that the veteran's melanoma was causally related to his active duty service, including exposure to herbicide agents and sunlight." J.A. 50. The RO again denied the claim, finding that "the examiner['s] opinion is unsubstantiated by the medical evidence of record" and otherwise there was "no evidence showing malignant melanoma manifest to a compensable degree within the one year presumptive period following discharge from service." J.A. 43. Mrs. Ebel appealed.

On October 21, 2008, the Board affirmed the RO's denial. While the Board noted the various medical records documenting Mr. Ebel's health from his time in service until his death in 1994, it based its decision on the relative weight of the examiner's opinion as compared to various National Academy of Science ("NAS") reports. It found that the "April 2008 opinion is certainly competent evidence of causation and must be considered," but concluded that this one opinion was not entitled to more weight than the VA findings based on the NAS reports. J.A. 24-26. The Board reasoned that if "credible evidence for an association between a disorder and herbicide exposure was equal to or outweighed the evidence against, then by law [the] VA would be required to establish a presumption." J.A. 26. Because no presumption could be established, the Board concluded that the medical opinion could not be sufficient to establish a service connection.

On appeal, the Veterans Court vacated and remanded. It held that "the Board improperly weighed the VA [examiner's] opinion providing a direct nexus against the NAS studies that pertain to whether a disease should be considered presumptively due to exposure to Agent Orange." *Ebel*, 2011 WL 378851, at *3. Because the Board improperly weighed direct service connection evidence against presumptive service connection evidence, the Veterans Court found that the Board "did not adequately consider the evidence of record" and its "statement of reasons and bases [was] inadequate to facilitate review." *Id.* at *3-4. The Veterans Court ordered the Board to properly consider the examiner's opinion and other direct service connection evidence and to determine whether, in view of this evidence, equipoise exists warranting grant of direct service connection. *Id.* at *4.

DISCUSSION

The threshold issue in this case is whether this court has jurisdiction over Mrs. Ebel's appeal. Our jurisdiction to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292. Under § 7292, we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation, or an interpretation thereof," but, absent a constitutional issue, we cannot review factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(c)-(d).

Unlike statutes governing cases appealed from other tribunals, this provision does not explicitly premise appellate review on the finality of the Veterans Court's decision. *Compare* 28 U.S.C. § 1295(a)(1) (conferring jurisdiction over "an appeal from a final decision of a district court") *with* 38 U.S.C. § 7292(a) ("After a decision of the [Veterans Court] is entered in a case, any party to the case may obtain a review of the decision . . . ."). Nonetheless, we have "'generally declined to review non-final orders of the Veterans Court.'" *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006) (quoting *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002)). This finality rule serves several purposes: it "promot[es] efficient judicial administration," "emphasize[s] the deference that appellate courts owe to the trial judge," and "reduces harassment of opponents and the clogging of the courts through successive appeals." *Williams*, 275 F.3d at 1364 (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

Thus, we generally do not review the Veterans Court's remand orders because they are not final decisions. *Joyce*, 443 F.3d at 849 ("We have repeatedly made clear

that a decision by the [Veterans Court] remanding to the Board is non-final and not reviewable."); *Jones v. Nicholson*, 431 F.3d 1353, 1357 (Fed. Cir. 2005); *Williams*, 275 F.3d at 1363; *Adams v. Principi*, 256 F.3d 1318, 1321 (Fed. Cir. 2001). We will depart from this strict rule of finality only when three conditions (the *Williams* conditions) are met:

> (1) [T]here must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted); *see Mlechick v. Mansfield*, 503 F.3d 1340, 1343 (Fed. Cir. 2007); *Joyce*, 443 F.3d at 849; *Jones*, 431 F.3d at 1358. This exception to the finality rule is narrow. *Jones*, 431 F.3d at 1358 & n.3 (noting that the Supreme Court has emphasized that departures from the finality rule should occur "'only when observance of it would practically defeat the right to any review at all'" (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984))); *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004) (explaining that the *Williams* conditions are met only in rare circumstances); *Adams*, 256 F.3d at 1321 (noting that the finality rule should only give way in "unusual circumstances").

The remand order in this case does not meet the narrow exception articulated in *Williams*.[1]  Upon a close reading of the remand order, we do not find that the Veterans Court made a clear and final decision on a legal issue as necessary under the first *Williams* condition. Mrs. Ebel does not allege that the remand order misinterprets any statutory or regulatory language or misapplies binding case law.[2]  Rather, Mrs. Ebel alleges that the Veterans Court committed error by remanding and that it should have found that the examiner's report was sufficient to establish direct service connection and reversed. This is not a legal issue over which we have jurisdiction but rather presents questions of fact and questions of law

---

[1]  If we were to hold otherwise, then virtually any petitioner would satisfy the *Williams* conditions by merely appealing a remand order and arguing that the petitioner was entitled to a reversal on the record.  Such a holding would cause the allegedly narrow exception under *Williams* to swallow our strict rule of finality.

[2]  Unlike the remand order here, prior remand orders in which we have found the first *Williams* condition satisfied involved the Veterans Court's interpretation of statutes or regulations, or binding case law.  *See, e.g.*, *Vazquez-Flores v. Shinseki*, 580 F.3d 1270, 1275 (Fed. Cir. 2009) (finding the clear and final decision was that 38 U.S.C. § 5103(a) required the VA to provide a veteran with relevant criteria); *Mlechick*, 503 F.3d at 1343-44 (holding that the clear and final legal decision was the Veterans Court's interpretation of the rule of prejudicial error); *Smith v. Nicholson*, 451 F.3d 1344, 1348 (Fed. Cir. 2006) (finding that the court's interpretation of the regulations was a clear and final decision on a legal issue); *Myore v. Principi*, 323 F.3d 1347, 1351 (Fed. Cir. 2003) (finding that the Veterans Court's interpretation of §§ 1310(a) and 1110 was a clear and final decision on a legal issue).

applied to fact. 38 U.S.C. § 7292; *see Cook v. Principi*, 353 F.3d 937, 941 (Fed. Cir. 2003). To evaluate the issue Mrs. Ebel appeals, first we would need to analyze the surrounding facts, such as whether the examiner's opinion is the only evidence on record and is sufficient, standing alone, to establish a direct service connection; then, we would need to evaluate the remand decision for an abuse of discretion. *See* Appellant's Br. 20-21 (asking this court to determine that Mrs. Ebel satisfied the requirements necessary to prove entitlement to DIC). Because the issue Mrs. Ebel raises is not a legal one, she does not satisfy the jurisdictional requirements for non-final orders articulated in *Williams*. To hold otherwise would lead to the odd result that an appeal could satisfy the first condition under *Williams*—that there was a clear and final decision of a legal issue—but not the jurisdictional statute limiting our jurisdiction to questions of law.

Nevertheless, Mrs. Ebel argues that case law requires us to find that her challenge to the Veterans Court's decision to remand satisfies the first *Williams* condition. While we have previously found that a decision to remand could constitute a clear and final legal decision satisfying the first *Williams* condition, this case is distinguishable. Unlike other cases, such as *Byron v. Shinseki*, where the Veterans Court explicitly analyzed its statutory authority and held that it did not have the authority to reverse and must remand, the court here made no such legal determination and Mrs. Ebel does not allege that any statute was violated. No. 2011-7170, slip op. (Fed. Cir. Feb. 17, 2012) (finding the first condition met where the Veterans Court decision analyzed case law to determine that reversal was precluded and remand was required); *see Joyce*, 443 F.3d at 849 ("We have repeatedly made clear that a decision by the [Veterans Court] remanding to the Board is non-final and not reviewable. . . . [unless] the remand action itself

would independently violate the rights of the veteran, for example, where a remand would be barred by statute."). Rather, the Veterans Court evaluated the Board's factual determinations and remanded because the "Board did not adequately consider the evidence of record" such that the Board's "statements of reasons and bases [were] inadequate to facilitate review." *Ebel*, 2011 WL 378851, at *3-4. The basis of this remand is most similar to that of *Williams*, where we held that the first condition was not met because "the [Veterans Court] has merely remanded for further consideration of the issues by the Board as a predicate to further review of those issues by the [Veterans Court]." 275 F.3d at 1365. Mrs. Ebel counters that her case is more analogous to *Adams*, a pre-*Williams* case in which we reviewed a non-final remand order. Yet, the decision in *Adams* is limited. According to the opinion, the case presented "unusual circumstances"—the veteran had already established entitlement to compensation based on a presumptive service connection and was arguing that because he had an established right to a favorable decision, the remand was prohibited. *Adams* 256 F.3d at 1321; *see also Stevens v. Principi*, 289 F.3d 814, 817 (Fed. Cir. 2002) (finding the first condition met where the veteran presented similarly unusual circumstances). Mrs. Ebel's appeal does not present these unusual circumstances. There was no finding that Mrs. Ebel has an entitlement to a finding of direct service connection[3] and Mrs. Ebel does not allege that the re-

---

[3] On appeal, Mrs. Ebel has represented that the examiner's opinion is the only evidence of direct service connection and thus entitlement is guaranteed. The record suggests otherwise. The Board's decision describes various service records and personal medical records that are *already in the record* but were not considered when the Board weighed the evidence. *See* J.A. 22-24, 43. As the Secretary indicated during oral argument, in addition

mand was for a prohibitive purpose or violated statutory authority. Thus, Mrs. Ebel has failed to identify a clear and final decision on a legal issue over which this court has jurisdiction and our case law is of no avail to her.

In order for this court to have jurisdiction over a non-final remand order, each of the *Williams* conditions must be met. Because Mrs. Ebel has not met the first *Williams* condition, we dismiss her appeal for lack of jurisdiction.

**DISMISSED**

---

to the examiner's opinion, those records are pertinent to a direct service connection determination.