NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENISE K. JOHNS,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7163

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4180, Judge Robert N. Davis.

---

Decided: June 7, 2013

---

DENISE K. JOHNS, of St. Louis, Missouri, pro se.

KENNETH D. WOODROW, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and MARTIE ADELMAN, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Denise K. Johns appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court). That decision affirms-in-part, sets-aside-in-part, and remands a decision of the Board of Veterans' Appeals (the Board). *Johns v. Shinseki*, No. 10-4180 (Vet. App. May 31, 2012) ("*Vet. Ct. Op.*"). For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

BACKGROUND

Ms. Johns served on active duty in the United States Navy from 1980 until 1992. During her service, Ms. Johns experienced heart irregularities. In July 1992, Ms. Johns applied to the Department of Veterans Affairs (VA) for disability compensation for multiple conditions, including mitral valve prolapse. The regional office (RO) denied her claim as it was not shown by the evidence of record.

The RO reopened Ms. Johns' mitral valve prolapse claim but denied it on the merits. Ms. Johns appealed the RO's decision to the Board, who, in a November 2010 decision, granted her service connection for mitral valve insufficiency and remanded to the RO to further address ratings for her amputated toe, allergic rhinitis, and varices of the left thigh.

Ms. Johns then appealed to the Veterans Court. Before the Veterans Court, Ms. Johns addressed her disability rating for her mitral valve issue. The Veterans Court concluded that it did not have jurisdiction to address this issue because there was no Board decision concerning the

disability rating. *Vet. Ct. Op.* at 3. The Veterans Court, however, did affirm the Board's decision to grant service connection for mitral valve insufficiency. *Id.*

Ms. Johns also argued that the VA failed to obtain certain of her records. The Veterans Court declined to address this claim as Ms. Johns failed to explain why the allegedly missing documents were relevant to any issue properly on appeal. *Id.*

Ms. Johns further argued that she didn't receive notice of the denial of her 1992 claim due to some mailing irregularities. The Veterans Court noted some irregularities on the record and set aside the Board's finding that Ms. Johns had received notice. *Id.* at 4-5. The Veterans Court then remanded the mailing issue for further consideration. *Id.* at 5.

Ms. Johns timely appealed to this court.

## DISCUSSION

Our jurisdiction to review is limited by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

We have carefully reviewed each of Ms. Johns' filings in which she raises a litany of issues relating to the VA's alleged mishandling of her case. For example, Ms. Johns raises various issues relating to the VA's treatment of her records, the VA's processing of her remands, and the VA's inability to schedule medical appointments within a reasonable time frame. We, however, do not review challenges to factual determinations or challenges to laws

or regulations as applied to the facts of a particular case, nor do we address complaints about the VA's appointment scheduling practices.

Ms. Johns raises issues that have been remanded for further consideration, such as the ratings for her amputated toe, allergic rhinitis, and varices of the left thigh. We also lack jurisdiction to address her issues on remand. As a general rule, we do not review remand orders because they are not final decisions. *Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012).

Ms. Johns further cites to 38 C.F.R. § 20.1403, which sets out the specific requirements to establish a claim of clear and unmistakable  error (CUE).  But there is no CUE claim at issue in this appeal nor does Ms. Johns explain the relevance of this citation.

In sum, Ms. Johns fails to raise a single issue that involves the validity of the Veterans Court's decision on a rule of law or of any statute or regulation that was relied on by the Veterans Court in making its decision.  Ms. Johns also fails to raise a constitutional issue.  We therefore dismiss her appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.