NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKEY R. CURRY,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7109

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3694, Judge William A. Moorman.

---

Decided: January 19, 2016

---

RICKEY R. CURRY, Brewton, AL, pro se.

ROBERT NORWAY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Rickey R. Curry appeals from the decision of the Court of Appeals for the Veterans Claims ("Veterans Court"). We *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Curry served on active duty in the U.S. Army from December 1976 to March 1987. He then served in the Army National Guard from May 1988 to May 2001, including a period of active duty during the Persian Gulf War. He received an anthrax vaccination in 1991 during his active Gulf War service. In 2006, Mr. Curry was diagnosed with and treated for prostate cancer. Between 2006 and 2014, Mr. Curry submitted a number of claims for service connection including for prostate cancer, tinnitus, frostbite, post-traumatic stress disorder ("PTSD"), chronic migraines, and chronic fatigue syndrome. The regional offices denied all of his claims except for his PTSD claim, which was awarded with a 30 percent disability rating in April 2012.

Mr. Curry appealed to the Board, which affirmed the 30 percent disability rating but remanded his prostate cancer and mental disorder claims with an order to request medical examinations. After several medical examinations, the regional office denied Mr. Curry's claims for chronic depression including mood swings, fatigue syndrome, and prostate cancer, all claimed as due to an undiagnosed illness and anthrax vaccination. Mr. Curry appealed, and the Board affirmed the denials, but granted service connection for a nonspecific headache disability.

Mr. Curry appealed to the Veterans Court, arguing that the Veterans Affairs ("VA") failed to obtain his medi-

cal records, failed its duty to assist, and failed to consider the issue of total disability rating based upon individual unemployability ("TDIU"). The Veterans Court affirmed the Board's determination that Mr. Curry was not entitled to service connection for (i) chronic depression including mood swings, (ii) chronic fatigue syndrome, and (iii) prostate cancer based on the theory of undiagnosed illness. However, as to Mr. Curry's claim for prostate cancer due to anthrax vaccination, the Veterans Court vacated and remanded because it found the examination report in the record to be inadequate for rating purposes. The Veterans Court did not disturb the Board's decision awarding Mr. Curry entitlement to service connection for headaches due to an undiagnosed illness. Mr. Curry appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a) (2012). Except where an appeal raises a constitutional issue, we lack jurisdiction to review a "challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We ordinarily review only final orders of the Veterans Court, and "[t]hus, we generally do not review the Veterans Court's remand orders because they are not final decisions." *Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012).

When a veteran's case involves multiple claims and the Veterans Court remands some of the claims but reaches a final judgment on others, we can review the claims that have been fully and finally adjudicated. *Elkins v. Gober*, 229 F.3d 1369, 1374 (Fed. Cir. 2000). We may review claims finally decided by the Veterans Court

that are not intertwined with the remanded claim. *See Allen v. Principi*, 237 F.3d 1368, 1374 (Fed. Cir. 2001). Because Mr. Curry's claims for chronic depression (including mood swings), fatigue syndrome, and prostate cancer related to an undiagnosed illness are not intertwined with his remanded claim, we are not barred from reviewing the Veterans Court's decision on those claims on the grounds that it is not a final decision. Mr. Curry's argument appears to be that the Board's denial of his claims was based on the Board's misunderstanding of his medical history. This does not raise a legal issue over which we may exercise jurisdiction. Similarly, the Veterans Court's determination that Mr. Curry did not raise the issue of TDIU is a factual determination, or an application of law to fact, that we lack jurisdiction to review. Because Mr. Curry only challenges fact findings or the application of law to fact, we lack jurisdiction over the appeal with respect to the finally adjudicated claims.

As to Mr. Curry's appeal of his service connection claim for prostate cancer due to anthrax vaccination, the Board remanded this claim. Thus, there is no final judgment on this claim for our review. In *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002), we held that there is a limited exception to the rule that remands are not appealable when the following three conditions are met:

> (1) [T]here must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary;
>
> (2) the resolution of the legal issues must adversely affect the party seeking review; and,
>
> (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

275 F.3d at 1364 (citations omitted).

Mr. Curry's claim for entitlement to service connection for prostate cancer due to anthrax vaccination does not fall under the exception articulated in *Williams*, and thus we have no jurisdiction over it. Mr. Curry disputes the Board's factual findings with regard to his prostate cancer. He does not, as *Williams* requires, dispute a clear and final legal issue. We therefore dismiss Mr. Curry's appeal over the Veterans Court's remand order because it is not final for the purposes of invoking our jurisdiction.

Our dismissal of Mr. Curry's appeal does not interfere with the further development of his service connection claim for prostate cancer as related to his anthrax vaccination. As the Veterans Court noted, Mr. Curry now has the opportunity to submit additional evidence and argument on that claim.

CONCLUSION

For the foregoing reasons, the appeal is *dismissed* for lack of jurisdiction. We do not disturb the Board's decision awarding Mr. Curry entitlement to service connection for headaches due to an undiagnosed illness.

COSTS

No costs.