VIRGINIA EMERSON HOPKINS, United States District Judge
Pending before the Court is Defendants' Motion To Compel Production of Documents (doc. 140) (the "Motion") filed on March 7, 2018. On April 5, 2018, the Court held a hearing on this Motion. On April 6, 2018, this Court entered an Order (doc. 143) granting the Motion in part. Specifically this Court ordered the Plaintiff to provide Defendants with an unredacted and fully executed copy of the Liventa Settlement Agreement and to file documents 2, 3, and 4 of their hearing submission into the record under seal. (Id. ). The Court stated that the remainder of the Motion would be decided at a later date. This is that decision.
The issue remaining for decision is whether or not the Plaintiff should be compelled to provide to Defendants a copy of the otherwise non-privileged documents exchanged between Plaintiff and Vivex and/or between Plaintiff and the Liventa Defendants in relation to the settlement of patent infringement claims asserted on the basis of the '494 patent. Having carefully considered the pleadings, the arguments of counsel, and relevant case authority, the Court determines that the answer is "yes."
Defendants have asserted that these documents may be relevant to the issues of (1) prior art, (2) validity and invalidity contentions, (3) infringement and non-infringement mapped to the claims in the '494 patent, and (4) reasonable royalty and damages calculations. Plaintiff has failed to argue otherwise, although it has pointed to non-binding cases in which courts have declined to order discovery of such negotiations or have limited discovery to information for which the moving party has shown a heightened need.
This Court is persuaded by the holding and the reasoning of the Federal Circuit Court of Appeals in In re MSTG, Inc. , 673 F.3d 1337 (Fed. Cir. 2012). In that case, the court denied a petition for mandamus and held that although, in a patent case, "Federal Circuit law applies when deciding whether particular written or other materials are discoverable ... if those materials relate to an issue of substantive patent law" ( id. at 1341 ):
• the scope of discovery in patent cases otherwise is governed by *1370 Rule 26(b)(1) of the Federal Rules of Civil Procedure[1] ( id. at 1342 ); and
• there is no privilege in patent cases applicable to settlement negotiations related to reasonable royalties and damage calculations. (Id. at 1348).
Although the MSTG court expressly declined to reach the (not-before-it) "issue of what limits can appropriately be placed on discovery of settlement negotiations" (id. at 1347), it reiterated that federal courts have the power to "exercise appropriate control over the discovery process' to 'prevent abuse.' " (Id. at 1346)(quoting Herbert v. Lando , 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). The MSTG court then pointed out that, "[u]nder Rule 26, trial courts can grant motions for protective orders to restrict the use of information solely for purposes of the litigation." ( Id. ). The MSTG court then noted that, "in the present case the district court issued a protective order to help preserve confidentiality." ( Id. ). Then, after discussing the decisions of "other courts [that] have imposed heightened standards for discovery in order to protect confidential settlement discussions" (id. at 1347), they reasoned, albeit in dicta , that "the public policy goals argued to support a privilege can more appropriately be achieved by limiting the scope of discovery." ( Id. ).
Persuaded by MSTG 's holding and its reasoning, this Court has applied Rule 26(b)(1) to the pending Motion.[2] That rule provides, in relevant part:
Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case .... Information ... need not be admissible in evidence to be discoverable.
FED. R. CIV. P. 26(b)(1). Defendants have adequately explained how the documents they seek are relevant both to Plaintiff's claims and to Defendants' defenses. Plaintiff has not asserted any privilege, nor will this Court order the production of privileged documents (although a privilege log is required if such a privilege is asserted). Plaintiff also has not argued that the discovery sought is not proportional to the needs of the case. Rather, the sole argument asserted by Plaintiff in opposing production of these documents is that some courts have required parties seeking this type of document "to establish [a] specific relevance to support their request" (doc. 142 at 10) and that Defendants have failed to do so here. (Id. ).
This Court rejects as inconsistent with the reasoning of MSTG such a "heightened relevance" or "heightened showing" requirement for these non-privileged documents. The Court notes that a protective order has been entered in this case. Plaintiff has not argued, much less shown, that the protective order is not sufficient to keep these documents from being used for any purpose other than this litigation.
Accordingly, Plaintiff is hereby ORDERED to provide to Defendants, within thirty (30) days of the entry date of this Order, a copy of all otherwise non-privileged documents exchanged between Plaintiff and Vivex and/or between Plaintiff and the Liventa Defendants in relation to the settlement of patent infringement claims asserted on the basis of the '494 patent.
*1371 DONE and ORDERED this 19th day of April, 2018.

Thus, the court expressly stated that "[d]iscovery of privileged material is not permissible." (Id. at 1342 ).

In accordance with binding Federal Circuit precedent, the final settlement agreements have been produced.