NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID O. KEEL,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1733

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3786, Judge Joseph L. Toth.

---

Decided: October 7, 2020

---

DAVID O. KEEL, Hualapai, AZ, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

David Keel appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed in part and vacated and remanded in part an appeal from the Board of Veterans' Appeals ("Board"). We *affirm* the Veterans Court's dismissal of the appeal from the Board's remand decision. We *dismiss* Mr. Keel's appeal of the Veterans Court's order vacating and remanding for lack of jurisdiction.

## BACKGROUND

Mr. Keel served in the Army from May to December 1980. Since 1981, Mr. Keel has repeatedly sought disability benefits from the Department of Veterans Affairs ("VA"), and his requests have been repeatedly rejected.

In 2011, Mr. Keel filed a claim for benefits, seeking (1) to reopen previously denied claims for service connection for bilateral hip disorder, ischemic heart disease, gastroesophageal reflux disease ("GERD"), and low back disorder, and (2) benefits based on various other new conditions. His claims were denied by the VA regional office ("RO").

Mr. Keel appealed to the Board. As part of Mr. Keel's appeal, he participated in a Board hearing in October 2017, held by video conference. According to Mr. Keel, the transcript he received of the hearing was unreadable, omitted testimony, and "ran together" text. He also claimed that, at the hearing, his representative from Disabled American Veterans, a veterans service organization, improperly testified against him. App'x 3.[1]

In a July 2018 order, the Board denied Mr. Keel's request to reopen service connection claims for a bilateral hip

---

[1]    "App'x" refers to the appendix attached to the government's response brief.

disorder, ischemic heart disease, and GERD. The Board granted Mr. Keel's request to reopen a claim for service connection for a low back disorder and remanded that claim and the three other new claims for further record development.

Mr. Keel appealed the Board's order to the Veterans Court. First, Mr. Keel raised perceived errors with the transcript of the October 2017 Board hearing. The Secretary conceded error in that there was no evidence that Mr. Keel had been advised of his right to review the hearing transcript and seek correction of any perceived errors, and the Secretary requested the Veterans Court to remand so that Mr. Keel could seek correction of any transcript errors from the Board. The Veterans Court accepted the Secretary's concession of error, vacated the Board's decision, and remanded "to allow Mr. Keel to submit a request for correction of any perceived errors in the transcript of the October 2017 Board hearing" in accordance with the Board's procedural rules. App'x 4.

Second, Mr. Keel argued that the conduct of a representative from Disabled American Veterans at the October 2017 Board hearing had been improper. "Mr. Keel assert[ed] that the representative 'testified against' him and otherwise took actions on his behalf with which he disagreed." *Id.* (internal citation and punctuation omitted); *see also* Reply Br. 4. The Veterans Court rejected his argument, finding that, "[e]ven assuming for present purposes that Mr. Keel's assertions are accurate, a representative from a veterans service organization is not a VA employee over whom the Secretary has authority or a legal practitioner over whom the Court has oversight." App'x 4–5.

Third, Mr. Keel appealed the portion of the Board's order that remanded the low back service-connection claim and three other issues to the RO. The Veterans Court found that it did not have jurisdiction over the Board's remand because it was not a final Board decision.

Mr. Keel appeals.

### DISCUSSION

Mr. Keel on appeal seeks review of the Veterans Court's remand order and the Board's remand order.

### I

We first conclude that we have no jurisdiction to review the Veterans Court's decision remanding claims to the Board. "[W]e generally do not review the Veterans Court's remand orders because they are not final decisions." *Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012). "Such a finality requirement is based on prudential considerations." *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). We will depart from this strict rule of finality when three conditions ("the *Williams* conditions") are met:

> (1) [T]here must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*Id.* at 1364 (footnotes omitted).

The Veterans Court's remand order regarding the transcript does not meet these conditions. There has been no showing that any legal ruling would be mooted by the remand. Because Mr. Keel's appeal of the Veterans Court's order to remand does not meet the *Williams* conditions, we dismiss it for lack of jurisdiction.

## II

Mr. Keel also appeals the Veterans Court's rejection of his complaints regarding the representative from Disabled Veterans of America's conduct during the October 2017 board hearing. That issue concerns the claims that have been remanded to the Board and as to which there is no final decision. While we are uncertain that the asserted conduct of the representative would not be proper grounds for an appeal to the Veterans Court, this issue can be raised again before the Veterans Court on appeal of a new decision by the Board as to those claims and then, if necessary, to this court.

## III

Finally, we affirm the Veterans Court's judgment that it lacked jurisdiction over the low back service-connection claim and other issues that the Board remanded to the RO. Although we lack jurisdiction to review the Veterans Court's remand order regarding the hearing transcript, that does not deprive us of jurisdiction to consider other claims on appeal that are separate from the remanded claims. "This court has consistently recognized that the various claims of a veteran's overall 'case' may be treated as distinct for jurisdictional purposes." *Elkins v. Gober*, 229 F.3d 1369, 1374 (Fed. Cir. 2000). Here, the claims for low back service connection and the three other issues remanded by the Board to the RO are distinct from the claims for service connection for bilateral hip disorder, ischemic heart disease, and GERD, which the Veterans Court remanded to the Board in connection with the hearing transcript.

We review the Veterans Court's determination of its own jurisdiction de novo. *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000). The Veterans Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252. "Our case law and [38 U.S.C § 7104(d)(3)] define a Board decision as including an

order granting appropriate relief or denying relief." *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (Board's remand "for additional medical examinations" was not a "decision" because it did not grant or deny relief). Here, the Board's remand for further record development did not grant or deny relief. Thus, the Board's remand did not constitute a decision within the Veterans Court's jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART**

COSTS

No costs.