NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIAN J. DAVIS,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1904

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6444, Judge Amanda L. Meredith.

---

Decided: July 20, 2022

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

SARAH E. KRAMER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; Y. KEN LEE, DEREK

SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

MOORE, *Chief Judge*.

Brian Davis appeals an order from the Court of Appeals for Veterans Claims (Veterans Court) remanding to the Board of Veterans' Appeals (Board) for additional evidentiary development and for the Board to interpret certain ratings criteria found in 38 C.F.R. § 4.114, Diagnostic Code (DC) 7346. Because the Veterans Court's remand order was not a final decision, we dismiss.

## BACKGROUND

Mr. Davis served on active duty in the United States Marine Corps from January 1984 to January 1988. In 2016, he filed a claim for disability compensation for gastroesophageal reflux disease (GERD) with the Department of Veterans Affairs (VA). The VA Regional Office (RO) assigned Mr. Davis a 10% disability rating pursuant to DC 7346. Mr. Davis filed a Notice of Disagreement, and the VA conducted a second medical examination in October 2018 to reassess Mr. Davis' symptoms. The medical examiner opined that Mr. Davis' GERD was not a "considerable impairment of health," as required by DC 7346 for a disability rating higher than 10%, but did not provide any rationale for that conclusion. The RO then issued a Statement of the Case denying Mr. Davis' request for a higher rating. The Board affirmed.

Mr. Davis appealed to the Veterans Court, arguing that the medical examiner's opinion was insufficient and requesting that the Veterans Court define "considerable impairment of health" and "severe impairment of health" in DC 7346, which the Board had not done. The Veterans

Court agreed the Board clearly erred by relying on the examiner's unsupported opinion and remanded for it to obtain an adequate medical opinion. *Davis v. Tran*, No. 19-6444, 2021 WL 266550, at *3 (Vet. App. Jan. 27, 2021). However, it declined to define the ratings criteria and instead remanded for the Board to do so in the first instance. *Id.* at *4. Mr. Davis appeals the Veterans Court's remand order, asserting that he was entitled to a pre-remand construction of DC 7346 by the Veterans Court.

## DISCUSSION

"[R]emand orders from the Veterans Court ordinarily are not appealable because they are not final." *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001). This avoids "unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record." *Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (Fed. Cir. 1986). Under narrow and rare circumstances, however, review of a remand order may be appropriate. We may review a remand order from the Veterans Court

> only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).

The Veterans Court's remand order is not a clear and final decision of a legal issue and thus is not reviewable under the *Williams* exception. A remand order instructing

a lower tribunal to interpret a regulation is not a final decision of any legal issue. *Cf. Ebel v. Shinseki*, 673 F.3d 1337, 1341 (Fed. Cir. 2012) (dismissing appeal where veteran did "not allege that the remand order misinterprets any statutory or regulatory language"). The Veterans Court merely exercised its authority under 38 U.S.C. § 7252(a) to "remand the matter, as appropriate" for the Board to construe DC 7346 in the first instance on a more developed record. *Davis*, 2021 WL 266550, at *4. To the extent Mr. Davis disagrees with the interpretation the Board provides on remand, he may seek appellate review by the Veterans Court and, if necessary, this Court. The Veterans Court's order instructing the Board to construe certain terms thus did not finally resolve the legal issue of DC 7346's interpretation.

Nor is there any indication the Veterans Court's remand order has or will adversely affect Mr. Davis. On remand, the Board may well adopt a construction of DC 7346 that favors Mr. Davis. Moreover, the remand will allow Mr. Davis to further develop the evidentiary record supporting his claim, including by obtaining a new medical examination. And, as explained above, to the extent the Board's decision on remand is unfavorable, Mr. Davis can appeal that decision. Any adverse effect is thus entirely speculative.

Mr. Davis contends that the Veterans Court's decision will adversely affect him because it will result in a Board interpretation subject to *Auer* deference.[1] But this argument, too, asserts only speculative adverse effects. It

---

[1]    Mr. Davis also argues the remand order deprives him of fair process because he will be unable to effectively participate in pursuing his claim in the absence of a construction of DC 7346. Because we determine the Veterans Court's decision did not finally resolve a legal issue, we need not address Mr. Davis' fair-process argument.

assumes not only that the Board's interpretation will disfavor Mr. Davis, but also that it will be entitled to *Auer* deference. The Board's interpretation will receive *Auer* deference only if DC 7346 is genuinely ambiguous and only if the interpretation is reasonable. *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019). Even then, it will not receive *Auer* deference unless it "reflect[s] [the VA's] authoritative, expertise-based, fair, or considered judgment." *Id.* (internal quotation marks and alterations omitted). That issue has not yet been decided. Thus, Mr. Davis' assertion that the Board's interpretation will enjoy *Auer* deference, and any harm allegedly arising from such deference, is mere conjecture.

## CONCLUSION

The Veterans Court's remand order does not satisfy the narrow *Williams* exception permitting review of non-final orders. We therefore dismiss Mr. Davis' appeal.

### DISMISSED

### COSTS

No costs.