# United States Court of Appeals for the Federal Circuit

---

**BENITO R. CHAVEZ,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETER-ANS AFFAIRS,**

*Respondent-Appellee*

---

2022-1942

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-376, Judge Coral Wong Pietsch.

---

Decided: April 19, 2024

---

SEAN A. RAVIN, Miami, FL, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

2                                    CHAVEZ v. MCDONOUGH

Before LOURIE, BRYSON, and STARK, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Appellant Benito R. Chavez appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") in which that court remanded Mr. Chavez's claim to the Board of Veterans' Appeals. Mr. Chavez argues that the Veterans Court should have reversed the Board's decision rather than remanding the case to the Board, and that this court should reverse the Veterans Court's remand order. The government contends that this court lacks jurisdiction over Mr. Chavez's appeal and therefore should dismiss the appeal without addressing Mr. Chavez's contention that the Veterans Court's remand order was erroneous. We reject the government's jurisdictional argument but affirm the decision of the Veterans Court on the merits.

I

Mr. Chavez served on active duty with the U.S. Army during the 1960s, including service in Vietnam. In September 2005, he sought service connection for post-traumatic stress disorder ("PTSD"). Following a medical examination by the Department of Veterans Affairs ("DVA"), he was diagnosed with chronic, moderately severe PTSD. A DVA regional office granted him service connection for PTSD and assigned him a 100 percent disability evaluation. The rating decision indicated that it was possible that his condition could improve and that the assigned evaluation would be subject to further examination.

In September 2007, Mr. Chavez requested that his rating be changed to permanent and total disability, a request that led to a further medical examination. The examiner concluded that although Mr. Chavez's symptoms were likely to be permanent, his condition did not and would not likely result in total occupational impairment. Accordingly, in February 2008, the regional office reduced

his disability rating for PTSD to 50 percent, on the ground that the evidence did not establish total occupational and social impairment.

Mr. Chavez filed a notice of disagreement with the regional office's action, in response to which the regional office increased his disability rating to 70 percent. In so doing, however, the regional office reiterated that it did not find any evidence in the record that Mr. Chavez suffered from total occupational and social impairment.

Mr. Chavez then filed an appeal to the Board of Veterans' Appeals, which upheld the reduction in rating from 100 percent to 70 percent. The Board found that the evidence showed that Mr. Chavez's PTSD symptoms "sustained material improvement through his participation in therapy; he went from the self-reported severity of 10/10 to a situation where he began to experience emotions, confide in his wife, and have renewed interest in activities that bring him enjoyment." JA 31. In reaching that finding, the Board discussed not only the information Mr. Chavez submitted to prevent the reduction, but also treatment records postdating the rating reduction. JA 9–10.

Mr. Chavez then appealed to the Veterans Court, asking that the court reverse the Board's decision outright and order that his 100 percent rating be reinstated. The Veterans Court agreed with Mr. Chavez that the Board may have improperly relied on "evidence developed after the rating reduction" in affirming the rating reduction. JA 8. The Veterans Court, however, did not reverse the Board's decision. Instead, it remanded the case to the Board "to provide an adequate statement of reasons and bases for its finding that Mr. Chavez's PTSD disability materially improved under the ordinary conditions of life and work by the time of his rating decision." *Id.*

II

Mr. Chavez argues that the Veterans Court erred when it remanded the case to the Board and that, because of the Board's errors, the court should have reversed the Board's decision and reinstated Mr. Chavez's 100 percent rating. Before reaching that argument, however, we must address the government's contention that we lack jurisdiction over Mr. Chavez's appeal.

The government contends that we lack jurisdiction in this case because the Veterans Court's remand order sending this case back to the Board is not a final order that is within this court's appellate jurisdiction over appeals from the Veterans Court.

The principles governing this court's jurisdiction over remand orders in Veterans Court appeals have been frequently stated. As a general matter, this court reviews only final decisions of that court. *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001); *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) ("[O]ur jurisdiction is limited to the review of *final* decisions of the Veterans Court, which usually does not include remands."). But there are limited exceptions to that principle. As this court summarized the matter in the seminal case of *Williams v. Principi*,

> we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

275 F.3d 1361, 1364 (Fed. Cir. 2002); *see also Deloach v. Shinseki*, 704 F.3d 1370, 1375–76 (Fed. Cir. 2013); *Ebel v.*

*Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012); *Byron v. Shinseki*, 670 F.3d 1202, 1204–05 (Fed. Cir. 2012).

The government contends that this case does not satisfy the *Williams* test because Mr. Chavez is simply arguing that the Veterans Court should have reversed the Board outright rather than remanding the case to the Board for further action. If the argument that the Veterans Court erroneously remanded the case to the Board were sufficient to grant this court jurisdiction over appeals from remand orders by the Veterans Court, the government argues, "the narrow exception under *Williams* would swallow the strict rule of finality." *Deloach*, 704 F.3d at 1377 n.1.

The government relies principally on the first factor from *Williams* to support its argument of non-finality. It contends that the Veterans Court did not make any "clear and final decision on a legal issue," but merely remanded for further consideration of the issues by the Board as a predicate to further review of those issues by the Veterans Court.

That characterization of Mr. Chavez's argument is inaccurate. His argument is not simply that the Veterans Court erred in remanding the case to the Board; instead, he argues that when the Board fails to provide adequate reasons or bases in support of its decision that a disability rating was reduced in accordance with law, the Veterans Court is legally compelled to reverse the Board outright and may not remand the case to the Board for further proceedings. That is a legal argument, and the Veterans Court has given a "clear and final decision" in response to that argument. That is, the Veterans Court has squarely rejected Mr. Chavez's argument that the court lacks the authority to remand under those circumstances. Mr. Chavez's legal argument may be meritless; indeed, we ultimately conclude that it is. But it is a legal argument nonetheless, and it is one that Mr. Chavez raised before the Veterans Court and that the Veterans Court squarely

rejected.  The first factor from *Williams* is therefore satisfied in this case.

The second and third *Williams* factors are also satisfied here.  An adverse decision on the legal issue raised by Mr. Chavez is clearly harmful to him:  He is arguing in favor of a legal rule that, if adopted, would give him precisely the relief he is seeking in this overall proceeding, i.e., an order reinstating his 100 percent disability rating.  On the other hand, rejection of his legal argument would require him to undergo a remand proceeding, the ultimate result of which could be rejection of his claim on the merits.

Likewise, the third *Williams* factor is satisfied, because the legal issue Mr. Chavez has raised—his right to a favorable decision on the merits without a remand—would be mooted if a remand is ordered, regardless of whether he ultimately prevails in obtaining reinstatement of his 100 percent disability rating.

This analysis is consistent with the analysis in several of the cases in which, in similar settings, this court has held that it had jurisdiction, despite an argument by the government that jurisdiction was lacking.  In *Adams v. Principi, supra*, we held that this court had jurisdiction over a remand order issued by the Veterans Court where the appellant's contention on appeal was that he had a legal right to a judgment from the Veterans Court without a remand; i.e., the decision of the Veterans Court was held appealable "only because the remand deprives Mr. Adams of his claimed right to a decision in his favor on the record as it now stands and might result in that issue becoming moot after further proceedings in the Board of Veterans' Appeals." 256 F.3d at 1321.  That is essentially the same legal claim that underlies Mr. Chavez's appeal in this case: that the Veterans Court had a legal obligation to decide this case in his favor, that it was legally impermissible for it to remand the case to the Board, and that a remand order would deprive Mr. Chavez of the very right (to a favorable and

dispositive decision from the Veterans Court) that he argues he is entitled to.

This court in *Stevens v. Principi*, 289 F.3d 814 (Fed. Cir. 2002), held that this court had jurisdiction to review a remand order by the Veterans Court on similar grounds. The court explained that the veteran's argument was that the remand was "ordered for a prohibited purpose, that he is entitled to a decision in his favor without the need for a remand, and that his right to relief might be lost after further proceedings on remand." *Id.* at 817.

Likewise, in *Byron v. Shinseki*, the court noted that "we may not review a remand order when the appellant is challenging the correctness of the analysis in the remand order," but that "we may review a remand order to determine the Veterans Court's authority to order a remand." 670 F.3d at 1205. *See also Deloach,* 704 F.3d at 1377 (holding that this court has jurisdiction when the appeal "implicate[s] a legal right not to be subjected to a remand").

The government cites several cases that it characterizes as supporting its position in this case, but none of them do so. In *Williams* itself, the court stated that the Veterans Court had not issued a "clear and final decision on a legal issue," but had "merely remanded for further consideration of the issues by the Board as a predicate to further review of those issues" by the Veterans Court. 275 F.3d at 1365. In this case, however, Mr. Chavez argued to the Veterans Court that "when the Board fails to use the correct standard in a rating reduction case, the Board's decision is void ab initio, and . . . the Veteran's previous disability rating must be reinstated." JA 244. That is a purely legal contention, which the Veterans Court rejected when it ruled that a remand was appropriate even though the court had found that the

Board's "reasons or bases [for its decision] are inadequate."
JA 8.[1]

The government also relies on *Ebel v. Shinseki, supra*,
which held that the Veterans Court's decision was non-final
and did not fall within the *Williams* exception. In that case,
which involved a claim of service connection, the veteran
argued that the Veterans Court should have found that the
evidence was sufficient to establish service connection and
therefore should not have remanded the case to the Board
for further proceedings. This court held that it lacked
jurisdiction over the appeal because the veteran had not
alleged that "the remand was for a prohibitive purpose or
violated statutory authority." 673 F.3d at 1342.

In this case, by contrast, Mr. Chavez argues that there
is a legal prohibition against remanding the case once the
Veterans Court finds that the Board has failed to apply the
proper standards in a rating reduction case. Because that
legal issue is properly before us, we deny the government's
request that we dismiss Mr. Chavez's appeal.

III

While we agree with Mr. Chavez that this court has
jurisdiction over his claim, we disagree with him as to the

---

[1]    Before the Veterans Court, Mr. Chavez argued in
the alternative that if the court rejected his argument that
he was entitled to reinstatement of his 100 percent rating
without a remand, the court should remand the case to the
Board because the Board had provided inadequate reasons
or bases for concluding that a reduction in his disability
rating was warranted. In his motion for a decision by a
panel of that court, Mr. Chavez limited his argument to the
contention that reversal is the only appropriate remedy
when there are flaws in a Board decision upholding a rat-
ing reduction, as pointed out by Judges Meredith and Pi-
etsch in their opinion concurring in the denial of the motion
for a panel decision. JA 11.

merits of his claim that the Veterans Court erred by remanding the case to the Board, rather than reversing the Board outright and directing that his 100 percent disability rating be reinstated.

In addressing the merits of Mr. Chavez's claim, it is important to note the precise grounds on which the Veterans Court based its remand decision. Citing prior Veterans Court decisions, the court first noted that "reversal and reinstatement are not appropriate when the Board erred only in failing to provide adequate reasons or bases for its decision on the propriety of a reduction." JA 7. The court then explained that reversal was not warranted because the Board "did not completely fail to address [the improvement in Mr. Chavez's PTSD symptoms]." In particular, the court noted, the Board explained "how Mr. Chavez's improvement in his PTSD symptoms manifested in his ordinary life." *Id.*

Nonetheless, the court held that "because it is unclear from the Board's decision whether Mr. Chavez attained material improvement under the ordinary conditions of life and work by the time of his rating reduction, judicial review is frustrated and the Court finds that remand is warranted." *Id.*; *see also* JA 8. The court added that because the Board's "confusing explanation prevents effective judicial review of whether VA complied with its regulations in reducing Mr. Chavez's disability rating," the court "finds the Board's reasons or bases are inadequate and that remand is required." JA 8.

There is no force to Mr. Chavez's argument that the Veterans Court was not authorized to remand the case to the Board for an explanation of its ruling, which the court regarded as necessary to permit effective judicial review of the Board's decision. Congress has expressly authorized the Veterans Court to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate," 38 U.S.C. § 7252, a grant of authority that largely tracks the similar grant of authority Congress has provided to the Supreme Court and other federal courts of appellate

jurisdiction in 28 U.S.C. § 2106. It is well settled that in federal appellate courts, the power to remand extends to cases in which "the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). In such cases, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.*

This court has expressly held that the principles of *Florida Power & Light* apply to the authority of the Veterans Court to remand cases to the Board of Veterans' Appeals if the record "does not support the agency action, if the agency has not considered all relevant factors, or if the Veterans Court simply cannot evaluate the challenged agency action on the basis of the record before it." *Euzebio v. McDonough*, 989 F.3d 1305, 1323 (Fed. Cir. 2021) (cleaned up); *Deloach,* 704 F.3d at 1381; *Adams*, 256 F.3d at 1322.[2]

Mr. Chavez has not pointed to anything that suggests that principle is inapplicable to the dispute before us. The Board's opinion, in the judgment of the Veterans Court, did not provide the court with a sufficient basis for effective judicial review, a circumstance that, in the court's assessment, could be cured by a directed remand. Having general authority to issue such a remand for that purpose, the Veterans Court permissibly exercised that authority and directed the Board to remedy the defects that the court identified as impeding judicial review.

---

[2]    Those decisions are consistent with the point made by the Supreme Court in *Shinseki v. Sanders*, 556 U.S. 396 (2009), that the Veterans Court's review of decisions by the Board of Veterans' Appeals are governed by the same principles that apply to judicial review of federal agency action generally. *See Tadlock v. McDonough*, 5 F.4th 1327, 1336 (Fed. Cir. 2021).

Mr. Chavez contends that, at least in the case of a challenge to a rating reduction, the Veterans Court lacks the authority to remand if it concludes that the record does not allow it to affirm the Board's decision. In such cases, Mr. Chavez argues, the Veterans Court must reverse the Board and direct that the veteran's previous rating be restored. However, he points to no principled ground for distinguishing such cases from other cases in which the Veterans Court applies general principles of agency review to review—and where necessary, remand—decisions by the Board of Veterans' Appeals.

Finally, Mr. Chavez raises various complaints about the Board's decision, including that it appears the Board relied on evidence obtained after the rating reduction to find that Mr. Chavez's disability improved before the rating reduction. The Veterans Court acknowledged that argument but stated that "because it is unclear from the Board's decision whether Mr. Chavez attained material improvement under the ordinary conditions of life and work by the time of his rating reduction, judicial review is frustrated and the Court finds that remand is warranted." JA 7. Thus, the Veterans Court did not reject Mr. Chavez's argument that it was impermissible for the Board to rely on post-reduction evidence to justify the reduction of his rating. Instead, the court simply said that it was unable to evaluate that argument in light of the state of the record. The remedy the court selected was to remand the case to the Board for clarification. In light of the authorities cited above, that was a remedy the court was fully entitled to adopt.

We therefore hold that this court has jurisdiction over Mr. Chavez's appeal, and we affirm the decision of the Veterans Court.

**AFFIRMED**

Costs

No costs.