Jimmy D. **ADAMS**, Claimant–Appellant,

v.

Anthony J. **PRINCIPI**, Secretary of Veterans Affairs, Respondent Appellee.

No. 00–7160.

United States Court of Appeals, Federal Circuit.

July 13, 2001.

Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for claimant-appellant. With him on the brief was Stephen L. Purcell, Attorney.

Martin F. Hockey, Jr., Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and David J. Barrans, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Jimmy D. Adams appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court"). In the order on appeal, the Veterans Court vacated a decision of the Board of Veterans' Appeals and remanded the matter to the Board for further development of the record. *Adams v. West,* 13 Vet.App. 453 (2000). We affirm.

I

Mr. Adams began active duty in the United States Navy on August 20, 1992. Prior to starting service, Mr. Adams underwent a medical examination, which did not detect any of the conditions for which he later sought compensation. In November 1992, he was placed on Limited Duty Board for medical reasons. Subsequent medical examinations resulted in his being diagnosed as suffering from hypogonadism and growth hormone deficiency. In October 1993, he was honorably discharged from the Navy based on a finding that he was unfit for duty because of those and other medical conditions.

While his discharge was pending, Mr. Adams filed a claim for disability compensation with the Department of Veterans Affairs (DVA), seeking service connection for the diseases of hypogonadism, hypothyroidism, and growth hormone deficiency. The DVA conducted a compensation examination in April 1994 and based on that examination the DVA regional office denied service connection. Mr. Adams appealed the regional office decision to the Board, which issued a decision in April 1997 that remanded the case to the regional office. The remand instructions directed that a DVA endocrinologist examine Mr. Adams and that the regional office reconsider Mr. Adams's claims in light of the examination. The instructions specified that the endocrinologist should evaluate whether the conditions were related to service or whether they were present prior to service and should comment on the "degree of probability, in percentage terms, that [the conditions] had their onset during the veteran's period of service or are otherwise related to service."

The examination ordered by the Board was conducted on February 27, 1998, by Dr. Michael Lawson. Dr. Lawson's examination report included the following:

> Addressing issues raised specifically in the Compensation and Pension exam request, I believe there is evidence that the patient's hypogonadism and growth hormone deficiency may have preexisted his admission to the service based on the fact that his epiphyses were not found to be closed on his initial bone radiograph when he was evaluated at the National Naval Medical Center in Bethesda. He was reported to have a bone age of thirteen years at that time when his chronological age was eighteen.... The fact that the patient even now has small, soft testes and sparse body hair would also support the likelihood that this condition existed prior to his beginning his active military service.

The regional office again denied service connection in May 1998, and Mr. Adams again appealed to the Board. The Board affirmed and noted that while Mr. Adams was entitled to the presumption of soundness based on the pre-service examination, *see* 38 U.S.C. § 1111, the presumption had been rebutted by clear and unmistakable evidence based on Dr. Lawson's report, which showed, as the Board characterized it, that Mr. Adams's medical conditions "clearly preexisted service."

Mr. Adams appealed the Board's decision to the Veterans Court. The court considered whether the "Board had erred in determining that there was clear and unmistakable evidence to rebut the presumption of sound condition." Rather than decide that question, however, the court concluded that it was "premature, based on [Dr. Lawson's] report and given the closeness of the question," for the Board to decide whether the presumption of soundness had been rebutted "without seeking, pursuant to the duty to assist, *see*

38 U.S.C. § 5107(a), clarification from Dr. Lawson as to the degree of likelihood of preexistence, or seeking other medical opinions on this subject." Because the Veterans Court concluded that the Board had acted prematurely in ruling on the issue, it remanded the case to the Board for further proceedings. Mr. Adams appealed that order to this court.

## II

The government argues that we must dismiss this appeal because the Veterans Court's remand order was not a final, appealable order. In applying the statute that grants us jurisdiction over appeals from the Veterans Court, 38 U.S.C. § 7292, we have generally declined to review non-final orders of the Veterans Court, and we have held that remand orders from the Veterans Court ordinarily are not appealable because they are not final. *See Allen v. Principi,* 237 F.3d 1368, 1372 (Fed.Cir.2001); *Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997). Under some circumstances, however, we have entertained appeals from remand orders. *See, e.g., Allen,* 237 F.3d at 1372–74; *Dambach v. Gober,* 223 F.3d 1376, 1379 (Fed. Cir.2000); *Jones v. West,* 136 F.3d 1296, 1298 (Fed.Cir.1998); *Travelstead v. Derwinski,* 978 F.2d 1244, 1247–49 (Fed.Cir. 1992). In *Allen,* for example, we held that we could review a remand order where the order under review precluded the veteran from relying on certain evidence to increase his rating level, and where it was clear that the remand proceedings would not result in granting the veteran the relief he sought because he had no other available evidence. 237 F.3d at 1373–74. In *Dambach,* similarly, we reviewed a remand order based on our conclusion that the order altered the evidentiary burdens for the remand proceedings and might make the legal issue unreviewable on an appeal from a final order denying relief. 223 F.3d at 1379.

■ We conclude that in light of the nature of the claim pressed by Mr. Adams it is appropriate for us to review the merits of his appeal. Mr. Adams's position, in essence, is that it was improper for the Veterans Court to remand the case to the Board. Instead, he contends, the court should have ruled, without a remand, that the DVA offered insufficient evidence to rebut the presumption of sound condition. The question whether Mr. Adams is entitled to a decision without a remand may become moot once the remand proceeding has taken place. *See Travis v. Sullivan,* 985 F.2d 919, 923 (7th Cir.1993) (court of appeals has jurisdiction to review lawfulness of remand order because that issue would become moot after remand); *AJA Assocs. v. Army Corp of Eng'rs,* 817 F.2d 1070, 1073 (3d Cir.1987) (court of appeals has jurisdiction to review remand order granting a new hearing because the issue of the right to the hearing would become moot after remand).

If Mr. Adams is correct on the merits that he has a right to judgment without a remand, the order of the Veterans Court requiring him to undergo a remand before obtaining appellate relief would defeat the very right he asserts, i.e., his right to an immediate judgment without the necessity of a remand. In other areas of law, the Supreme Court has allowed interlocutory appeals in which the proceedings required by the trial court would violate the right at issue. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (interlocutory order denying Eleventh Amendment immunity claim is immediately appealable because the entitlement to immunity from suit is effectively lost if a case is erroneously permitted to go to trial); *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (interlocutory order denying government offi-

cer's qualified immunity claim is immediately appealable for same reason); *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (interlocutory order denying double jeopardy claim is immediately appealable because requiring criminal defendant to undergo a second trial before review of his double jeopardy claim would deny him the right being asserted, i.e., the right not to be tried a second time). Although not directly applicable to the issue before us, those decisions suggest that our non-statutory finality rule for appeals from the Veterans Court should give way in the unusual circumstances of this case.

Our ruling does not imply that all remand orders of the Veterans Court are appealable to this court. The remand order in this case is appealable only because the remand deprives Mr. Adams of his claimed right to a decision in his favor on the record as it now stands and might result in that issue becoming moot after further proceedings in the Board of Veterans' Appeals. For that reason, we conclude that our normal policy of reviewing only final decisions of the Veterans Court does not bar review of Mr. Adams's claim.

### III

■ Although we agree with Mr. Adams on the finality issue, we disagree with his underlying contention that the Veterans Court is barred from remanding this case to the Board for further proceedings. The court is authorized by statute to "affirm, modify, or reverse a decision of the Board *or to remand the matter, as appropriate.*" 38 U.S.C. § 7252(a) (emphasis added). We hold that the remand in this case was statutorily authorized because the remand was ordered for a reason that is consistent with the statutory scheme the court is charged with enforcing.

This is not a case in which the court was faced with evidence that was clearly insuf-

ficient to overcome the presumption of sound condition and in which the court remanded the matter to the Board in order to allow the DVA to attempt to introduce new evidence sufficient to make up the shortfall. Instead, the court concluded that the evidence before the Board was subject to differing interpretations. Viewed one way, Dr. Lawson's opinion could be interpreted as sufficient to overcome the presumption of sound condition, as the Board concluded. Viewed another way, however, Dr. Lawson's opinion—and particularly his statement that Mr. Adams's condition "may have preexisted his admission to the service"—could be interpreted as insufficient to overcome that presumption. In the court's view, the proper analysis therefore turned not on a weighing of the evidence, but on an understanding of what Dr. Lawson meant in his report—a matter best resolved by a further factual inquiry, ideally including further inquiry to Dr. Lawson himself.

Under these circumstances, it is permissible for the court to remand the case so that the Board can obtain clarification as to the import of the evidence, clarification that can take the form of an explanation from Dr. Lawson of his opinion, or if necessary supplemental medical evidence that might shed light on the ambiguities in Dr. Lawson's report. We observe that the Veterans Court's remand instruction to clarify the degree of likelihood of preexistence reiterates the Board's original instructions to Dr. Lawson to quantify the degree of probability. To the extent that this reflects a determination by the Veterans Court that Dr. Lawson's report did not comply with the Board's original instructions, Veterans Court case law provides that the agency has an obligation to ensure compliance with remands from the Board and that the court will remand when it finds compliance lacking. *See Stegall v. West,* 11 Vet.App. 268, 271 (1998).

The remand order in this case is consistent with general principles of judicial review of agency decisions. "[I]f the reviewing court simply cannot evaluate the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). That rule extends to cases involving adjudication, such as administrative determinations of eligibility for Social Security benefits. *See, e.g., Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171 (6th Cir.1994) (reversing a district court decision awarding benefits and ordering remand to the agency).

Although we agree with the Veterans Court that it was authorized to remand this case to the Board for clarification, we do not agree with the court that the proper source of authority for that action was the DVA's statutory duty to assist the veteran. While it may be that further proceedings will result in a ruling in Mr. Adams's favor and thus the remand will ultimately assist him in obtaining benefits, the purpose of the remand is not principally to assist Mr. Adams to support his claim, but to clarify whether the presumption of sound condition has been overcome. We think this is a matter best viewed as falling within the statutory authority of the Veterans Court to remand a matter to the Board "as appropriate," not as a product of the DVA's statutory duty to assist the veteran in developing his claim. Because we are persuaded that the court was authorized to remand the case, however, the court's characterization of the ground for ordering the remand does not affect the validity of the court's order.

*AFFIRMED.*