DECISION
PER CURIAM.
Derek K. Rivers appeals from the decision of the United States Court of Appeals for Veterans Claims (“CAVC”), dated March 1, 2001, which (i) vacated the decision of the Board of Veterans’ Appeals (“Board”) and remanded for readjudication Mr. Rivers’ dysthymia claim, (ii) held moot Mr. Rivers’ claim that he did not receive the full record on appeal (“ROA") in the review of the dysthymia claim before the CAVC, and (iii) held moot Mr. Rivers’ claim to expedite appeal of his dysthymia claim. See Rivers v. Principi, No. 99-1186, 2001 WL 243823 (VetApp. March 1, 2001). The CAVC ordered the remand in light of the Veterans Claim Assistance Act *855 of 2000, Pub.L. No. 106-475, 1114 Stat. 2096 (Nov. 9, 2000) (hereinafter the “VCAA”). We affirm, the CAVC’s decision to vacate and remand Mr. Rivers’ dysthy-mia claim and its decision that Mr. Rivers’ other claims are moot.
BACKGROUND
Mr. Rivers served on active duty during the mid-1970s. On March 22, 1999, the Board remanded three of Mr. Rivers’ claims to the Department of Veterans Affairs (“DVA”) regional office (“RO”). The Board also denied Mr. Rivers’ claim for service connection for dysthymia as not well grounded under former 38 U.S.C. § 5107(a). Mr. Rivers' appealed the Board’s decision. On March 24, 2000, the CAVC affirmed the Board, but also remanded a pending claim for vocational rehabilitation benefits for the Board to consider in the first instance. Apparently, the vocational rehabilitation benefits claim was or is awaiting the outcome of the dysthy-mia claim. Mr. Rivers appealed, also asserting that he did not receive the full ROA. On October 6, 2000, this Court vacated and remanded the incomplete ROA issue because it was not clear from the record whether Mr. Rivers raised the incomplete ROA issue before the CAVC. On remand, in its decision of March 1, 2001, the CAVC determined that the DVA needed to reevaluate Mr. Rivers’ dysthymia claim due to the VCAA’s elimination of the well-grounded-claim requirement for a service connection claim.
DISCUSSION
Mr. Rivers continues to request a full copy of the ROA and makes various other requests in his informal memorandum to the Court. He asserts that his lack of access to all the materials before the DVA prejudiced his ability to prove his ease. However, the central issue of this appeal is the effect of the VCAA on Mr. Rivers’ claims with the DVA. The CAVC’s opinion responds to enactment of the VCAA and determines the implications of the VCAA on Mr. Rivers’ claims.
We have serious questions as to whether there is a final judgment, nevertheless, we have jurisdiction because the CAVC interpreted the VCAA to determine its effect on Mr. Rivers’ claims. Although the CAVC remanded one issue, and ordinarily remand orders are not appealable, we have sometimes taken jurisdiction when, as in this case, a remand order may alter “the evidentiary burdens for the remand proceedings and might make the legal issue unreviewable on an appeal.” See Adams v. Principi, 256 F.3d 1318, 1320 (Fed.Cir.2001). With respect to the other two issues the CAVC mooted, a decision of mootness is a final judgment subject to our review. In this instance, all three issues are related because the effect of the VCAA, as construed by the CAVC, is to replace Mr. Rivers’ original dysthymia claim with a new claim under the new VCAA standard.
In light of the VCAA, the CAVC properly exercised its discretion not to address the incomplete ROA issue as directed by this Court in its October 6, 2000 decision. Absent contrary instructions, the CAVC has a degree of discretion to consider or reconsider its rulings. Given that the VCAA amended the standard applicable to the dysthymia claim, further adjudication under the old standard would be moot. Consequently, there is no reason to construe this appeal as a petition for a writ of mandamus because the CAVC took the proper action given the intervening passage of the VCAA.
Remand was the proper response to the VCAA. The remanded claim will *856 allow Mr. Rivers to submit additional evidence to supplement the existing record with the benefit of expedited processing of the remand. If the matter returns to the CAVC, Mr. Rivers will have the right to then request the supplemented record pursuant to Rule 10 of the CAVC Rules of Practice and Procedure.
It follows that the two other issues, the incomplete ROA issue and the claim to expedite the dysthymia appeal, are moot because they depend on the old dysthymia claim originally brought under the pre-VCAA standard. The relief inherent in both claims is still available to Mr. Rivers after an initial determination by the DVA of the dysthymia claim under the new VCAA standard.
Finally, the other items requested by Mr. Rivers in his informal memorandum to the court are beyond our jurisdiction. For the reasons set forth above, we affirm the CAVC’s decision.