**Ross E. PASWELL, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7065.

United States Court of Appeals, Federal Circuit.

Dec. 5, 2001.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

PER CURIAM.

Ross E. Paswell seeks review of the April 18, 2001, decision of the Court of Appeals for Veterans Claims, No. 00–1393, remanding his case to the Board of Veterans' Appeals for readjudication. We *dismiss* for lack of jurisdiction.

The board denied as not well-grounded Paswell's claims for service connection for a left leg disability, compensation for a left foot disability pursuant to 38 U.S.C. § 1151, and an increased evaluation for the residuals of a colostomy. While the appeal was pending, the Veterans Claims Assistance Act of 2000, 114 Stat.2096, ("VCAA"), was passed into law. The VCAA eliminated the well-grounded claim requirement and modified the Secretary of Veterans Affairs' duties to notify and assist claimants. Section 7 of the VCAA provides that it applies to claims "filed before the date of the enactment of this Act and not final as of that date." *Id.* § 7(a)(2). Therefore, the court remanded the case to the board for readjudication in light of the VCAA. Paswell appeals the remand order.

Our jurisdiction over decisions of the court is limited to the review of final decisions, which usually does not include remands. *Allen v. Principi,* 237 F.3d 1368, 1372 (Fed.Cir.2001). This "'final judgment' rule ordinarily limits our jurisdiction to appeals from a decision or order that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 1372 (internal citation omitted). A "collateral order exception" exists, however, if forcing the appellant to undergo a remand would defeat the right the appellant is asserting. *Adams v. Principi,* 256 F.3d 1318, 1321 (Fed.Cir.2001).

In this case, the court's decision is not final. The court's remand order allows the application of the VCAA that may result in a more favorable decision for Paswell. Moreover, the collateral order exception is not met because his claim would not be defeated by remand of the case.