NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7088

ARTURO CASTILLO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Arturo Castillo, of San Antonio, Texas, pro se.

James P. Connor, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.  Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7088

ARTURO CASTILLO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-3744, Judge Bruce E. Kasold.

_____

DECIDED:  September 9, 2009
_____

Before NEWMAN, RADER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Arturo Castillo ("Castillo") appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed in part, set aside in part, and remanded in part a decision of the Board of Veterans' Appeals ("Board") assigning Castillo an increased disability rating but denying entitlement to an earlier effective date. <u>Castillo v. Shinseki</u>, No. 07-3744, slip op. (Vet. App. Feb. 25, 2009).  Because the decision of the Veterans Court was not a final judgment, we <u>dismiss</u> the appeal for lack of jurisdiction.

Castillo served on active duty in the Army from November 1966 to November 1968, and he received the Purple Heart and Combat Medical Badge for service in

Vietnam. On August 21, 2001, Castillo submitted a claim to the Department of Veterans Affairs ("VA") for service connection for post-traumatic stress disorder ("PTSD"). In November 2001, the regional office granted Castillo's claim and assigned him a disability rating of 30%, effective August 21, 2001. On September 4, 2002, Castillo submitted a Statement in Support of Claim to the VA, requesting that his claim be reopened to increase his disability rating for PTSD, and to add several new conditions. The regional office treated this statement as a new claim, it continued to rate Castillo's PTSD at 30% disabling, and it granted service connection for tinnitus and hearing loss. On March 2003, Castillo requested an earlier effective date of January 1968 for his PTSD, as well as an increase in his disability rating. The regional office denied both requests. On appeal to the Board, the Board found that Castillo was entitled to a 50% disability rating for PTSD, but it affirmed the determination of the regional office as to the effective date, because it concluded that the November 2001 rating decision had become final. In re Castillo, No. C-26-727-541, slip op. at 2 (Bd. Vet. App. May 30, 2007).

Castillo appealed to the Veterans Court, which affirmed in part, set aside in part, and remanded. Castillo, slip op. at 1. On the issue of effective date, the Veterans Court agreed with the Board that the November 2001 rating decision was final, because Castillo's September 4, 2002 Statement in Support of Claim was not a notice of disagreement with the 2001 rating decision, but rather a new claim. Id. at 3. However, the Veterans Court remanded on the issue of entitlement to a higher disability rating, because the Board had not considered so-called "staged ratings" as required by the Veterans Court's intervening decision in Hart v. Mansfield, 21 Vet. App. 505, 509-10

(2007). At the suggestion of the VA, the Veterans Court set aside the Board's determination as to disability rating and remanded for further adjudication. Id. at 3. Castillo appeals.

Under 38 U.S.C. § 7292(a), we have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." However, pursuant to the final judgment rule, "our jurisdiction is limited to the review of final decisions of the Veterans Court." Allen v. Principi, 237 F.3d 1368, 1372 (Fed. Cir. 2001); see also Williams v. Principi, 275 F.3d 1361, 1363 (Fed. Cir. 2002) ("[I]n appeals from the Court of Appeals for Veterans Claims, we have . . . 'generally declined to review non-final orders of the Veterans Court.'") (quoting Adams v. Principi, 256 F.3d 1318, 1320 (Fed. Cir. 2001)).

The "'final judgment rule' ordinarily limits our jurisdiction to appeals from a decision or order that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Allen, 237 F.3d at 1372 (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981). "This court typically will not review remand orders by the Court of Appeals for Veterans Claims 'because they are not final judgments.'" Williams, 275 F.3d at 1364 (quoting Winn v. Brown, 110 F.3d 56, 57 (Fed. Cir. 1997); see also Adams, 256 F.3d at 1320 ("[R]emand orders from the Veterans Court ordinarily are not appealable because they are not final."). In this case, because the Veterans Court remanded Castillo's claim to the Board for further adjudication, the decision of the Veterans Court was not final.

"[W]e have entertained appeals from remand orders" by the Veterans Court only in "unusual circumstances." Adams, 256 F.3d at 1320, 1321. As we explained in Williams:

> Our cases establish that we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

275 F.3d at 1364 (footnotes omitted). In this case, at least the third condition is not satisfied. Nothing that takes place on remand to the Board would render the Veterans Court's decision concerning the effective date of Castillo's disability rating unreviewable after the remand proceedings are complete. See Allen, 237 F.3d at 1372 ("[O]ur jurisdiction over a veteran's case is proper 'when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of the litigation.'") (quoting Grantham v. Brown, 114 F.3d 1156, 1159 (Fed. Cir. 1997)). Thus, this case does not present the sort of "unusual circumstances" that warrant departing from the final judgment rule.

Because the judgment of the Veterans Court was not final and because no exception to the final judgment rule is applicable, we lack jurisdiction. We therefore dismiss the appeal.

COSTS

No costs.