NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK C. FERMIN,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-2110

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5421, Judge William S. Greenberg.

---

Decided: January 5, 2021

---

FREDERICK C. FERMIN, San Antonio, TX, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, SCHALL, and MOORE, *Circuit Judges.*

PER CURIAM.

Frederick Fermin appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") remanding Fermin's claim to the Board of Veterans' Appeals ("the Board") for readjudication. *See Fermin v. Wilkie*, No. 19-5421, 2020 WL 3422153 (Vet. App. June 23, 2020) ("*Decision*"). Because we lack jurisdiction to consider the issues raised by Fermin, we *dismiss* the appeal.

## BACKGROUND

Fermin served on active duty in the United States Army from March 1941 to September 1945 and from May 1946 to February 1947. During his second period of service, Fermin received 10 electric shock treatments at William Beaumont Army Medical Center. He was medically discharged from the Army in January 1947 for "schizophrenic reaction; unclassified; chronic; severe." In January 1981, Fermin was granted a 100% disability rating for post-traumatic stress disorder (PTSD). In 1993, the regional office ("RO") denied his separate claim of service connection for alcoholism, finding that it was not related to his service-connected schizophrenia, and Fermin did not appeal the decision.

In September 2007, Fermin was granted special monthly compensation (SMC) under 38 U.S.C. § 1114(*l*) based on his psychiatric condition. The rating decision granted an effective date of May 16, 2006, which Fermin did not appeal. SMC is a higher rate of compensation available in special circumstances, such as when a veteran's disability requires aid and attendance by another person. *See* 38 U.S.C. § 1114(k)–(s). In some circumstances, the Secretary may award a precise rate of SMC or may choose an intermediate rate between the various SMC levels. *See id.*

§ 1114(p).  In December 2011, Fermin was granted a separate 10% disability rating for right leg radiculopathy with an effective date of December 12, 2011, and SMC under 38 U.S.C. § 1114(p) and 38 C.F.R. § 3.350(f)(3) at a rate intermediate to the rates prescribed in §§ 1114($l$) and (m).

In September 2015, the RO denied Fermin's claim for service connection for brain damage, including memory loss and fatigue, due to the electric shock therapy that he received during service.  In December 2017, he elected to have his appeal heard under the Rapid Appeals Modernization Program ("RAMP") created after passage of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017).  Fermin's appeal via RAMP was denied in January 2018, and he appealed to the Board the same month, seeking to submit new evidence.

In July 2019, the Board denied entitlement to compensation under 38 U.S.C. § 1151 for brain damage due to electric shock treatment.  The Board observed that the electric shock treatment that Fermin received was administered at a military facility during service, and the Board held that the Department of Veterans Affairs lacks jurisdiction over Fermin's claim because he did not receive his treatment at a VA facility.  The Board also denied Fermin's claim for entitlement to an earlier effective date for SMC.  The Board noted that Fermin did not meet the requirements of SMC at the rate intermediate between §§ 1114($l$) and (m) until December, 2011, when he was awarded a 10% disability rating for his right leg radiculopathy and his additional independent service-connected disabilities met the 50% combined percentage under the applicable combined ratings table.  *See* 38 C.F.R. § 4.25.  Finally, the Board denied Fermin's request to reopen his 1993 claim of service connection for alcoholism based on new evidence, finding that no new evidence that is material to his claim has been added to the file since the RO's decision.  Fermin appealed to the Veterans Court.

As an initial matter, the Veterans Court determined that Fermin's request to reopen his 1993 claim for alcoholism, which Fermin now claims as alcohol poisoning, was abandoned because he presented no argument on appeal. *Decision*, 2020 WL 3422153 at *1 n.1. With respect to Fermin's claim for compensation under 38 U.S.C. § 1151 for brain damage due to electric shock treatment, the court noted that Fermin explicitly abandoned the claim he was pursuing under § 1151 in his reply brief and instead challenged the Board's denial of service connection for brain damage. *Id.* at *1 n.2. The court determined that it lacked jurisdiction over the service connection claim "because it is not part of the issue on appeal." *Id.* Finally, with respect to Fermin's request for an earlier effective date for SMC, the court held that the Board failed to provide an adequate statement of reasons for denying Fermin's claim for an earlier effective date. *Id.* at *4. Specifically, the court found that the Board failed to acknowledge certain records from January 2004 that Fermin alleged would have demonstrated entitlement to SMC from September 2003 and service connection for arthritis based on a cumulative 170% disability rating for his various orthopedic disabilities. *Id.* Accordingly, the court remanded to the Board for consideration of the 2004 records.

Fermin appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. § 7292(d)(2).

On appeal, Fermin makes three principal arguments. First, Fermin asks this court to grant an earlier effective date for SMC and a 170% disability rating for arthritis based on the 2004 records. Second, Fermin asks us to grant service connection for his brain damage claim. And third, Fermin asks us to grant service connection for acute alcohol poisoning.

The government responds that we lack jurisdiction to grant the relief that Fermin seeks. Specifically, with respect to Fermin's request for an earlier effective date for SMC, the government argues that we lack jurisdiction because the remand order of the Veterans Court is not a final judgment. With respect to Fermin's disability claims for brain damage and alcohol poisoning, the government argues that the Veterans Court's determination that those arguments have been abandoned is a factual issue over which we lack jurisdiction.

We agree with the government in all respects. With respect to Fermin's request for an earlier effective date for SMC, although the statute granting us jurisdiction over decisions of the Veterans Court does not expressly limit our review to final decisions of that court, "we have nonetheless 'generally declined to review non-final orders of the Veterans Court.'" *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)). In some circumstances, we may exercise jurisdiction over a remand decision of the Veterans Court where (1) there was a clear and final decision of a legal issue that is separate from the remand proceedings that will directly govern the remand proceedings or, if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of legal issues by the Veterans Court adversely affects the party seeking review; and, (3) there is a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue. *Id.* In this case, the remand decision of the

Veterans Court does not satisfy any, let alone all, of these conditions.

Here, the Veterans Court remanded Fermin's claim "for the Board to address the potentially favorable January 2004 record in the first instance." *Decision*, 2020 WL 3422153, at \*4.  The order does not address or resolve a legal issue, and to the extent that it vacated the Board's denial of an earlier effective date for SMC, the order operates in Fermin's favor.  Finally, there is no risk that the decision will not survive remand, as Fermin may appeal any decision after the Board has considered the 2004 records.  Accordingly, we lack jurisdiction to address this issue.

We also agree with the government that we lack jurisdiction over Fermin's brain damage and alcohol poisoning claims.  Determinations by the Veterans Court that a party has waived an argument generally fall outside our jurisdiction.  *See Andre v. Principi*, 301 F.3d 1354, 1363 (Fed. Cir. 2002).  Here, the Veterans Court determined that Fermin abandoned his claim to reopen his earlier claim for alcoholism because he failed to present any argument on the issue to the court and that Fermin expressly abandoned his claim for brain damage under 38 U.S.C. § 1151 in his reply brief.  Moreover, even if these claims had not been abandoned, we would lack jurisdiction anyway, as neither determination involves the interpretation of a statute or regulation, or otherwise falls within any of the other categories defining our jurisdiction to review decisions of the Veterans Court enumerated in 38 U.S.C. § 7292.  Accordingly, we agree that we lack jurisdiction to review the decision of the Veterans Court.

Finally, we note that Fermin also requests that we correct alleged inaccuracies in VA rating decisions regarding his service records.  But because Fermin's request does not relate to any alleged error in the decision of the Veterans Court, we lack jurisdiction to address this issue.  To the

extent that Fermin believes that the alleged inaccuracies caused error in the adjudication of his claims, he may pursue his allegations through the ordinary channels for adjudicating benefits claims.

## CONCLUSION

We have considered Fermin's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.