NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIVIAN M. JOHNSON,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1977

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4384, Judge Joseph L. Falvey Jr.

---

Decided: March 14, 2022

---

VIVIAN M. JOHNSON, Nashua, NH, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Vivian M. Johnson appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) remanding to the Board of Veterans' Appeals (Board). *See Johnson v. McDonough*, No. 20-4384, 2021 WL 1226582 (Vet. App. Apr. 2, 2021) (*Veterans Court Decision*). Ms. Johnson claims that she is entitled to a larger monthly death pension from the Department of Veterans Affairs (VA). We *dismiss.*

## BACKGROUND

Ms. Johnson is the surviving spouse of Air Force veteran Edward G. Tremblay. In October 2013, a VA Regional Office (RO) awarded Ms. Johnson a death pension benefit. In September 2015, Ms. Johnson notified the VA that she would begin receiving Social Security benefits the following month. In light of this increased income, the RO determined that Ms. Johnson's monthly death pension benefit should be reduced to zero, effective November 1, 2015. Death pension benefits are subject to certain income limitations. *See* 38 U.S.C. § 1541; 38 C.F.R. §§ 3.3(b)(4), 3.23(a)(5), (b), (d)(5).

Ms. Johnson appealed the RO's determination to the Board.[1] While that appeal was pending, the RO partially granted Ms. Johnson death pension benefits in the amount

_____

[1]    Ms. Johnson also appealed the RO's determination that she had received an overpayment in benefits that would be collected as a debt. As that debt was later waived, and the issue resolved in Ms. Johnson's favor, *see Veterans Court Decision*, at *1–2, the overpayment issue is not relevant to this appeal.

of $37 per month for 2015 because it found healthcare costs had temporarily decreased her income. However, the RO determined that the pension should be terminated as of January 1, 2016. Thereafter, the Board dismissed Ms. Johnson's appeal after concluding that there were no further issues of law or fact to decide.

On appeal, the Veterans Court found the Board's dismissal of Ms. Johnson's claim was erroneous on the ground that there remained "a continuing controversy over the amount of monthly benefits . . . ." *Veterans Court Decision*, at \*2. The Veterans Court observed that whereas the VA maintained that "Ms. Johnson should have received $37 per month in 2015 and nothing in 2016[,] . . . Ms. Johnson maintain[ed] that she [wa]s entitled to more." *Id.* The Veterans Court thus ordered a remand for the Board to address whether Ms. Johnson "is entitled to a compensable monthly death pension benefit." *Id.* Ms. Johnson appeals the Veterans Court's decision to this court. This court has jurisdiction to review final decisions of the Veterans Court. *See* 38 U.S.C. § 7292.

## DISCUSSION

In appeals from the Veterans Court, we have "generally declined to review non-final orders," including remand orders. *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)). This "finality requirement is based on prudential considerations," *id.*, and "serves the important purpose of promoting efficient judicial administration," *id.* at 1364 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Although we have articulated narrow exceptions to this finality requirement,[2] *see id.*, none is satisfied here.

---

[2]    "Our cases establish that we will depart from the strict rule of finality when the [Veterans Court] has

We therefore dismiss Ms. Johnson's appeal of the Veterans Court's decision.  If Ms. Johnson is dissatisfied with the final Board remand decision, she may then appeal to the Veterans Court and, if necessary, to this court.

**DISMISSED**

COSTS

No costs.

---

remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue."  *Williams*, 275 F.3d at 1364 (citations omitted).