NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERNESTO A. GARCIAMEDINA,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1104

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7947, Judge Amanda L. Meredith.

---

Decided: May 15, 2023

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., REBECCA SARAH KRUSER, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, SAMANTHA ANN SYVERSON, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before HUGHES, STOLL, and STARK, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Ernesto Garciamedina appeals an interlocutory order of the Court of Appeals for Veterans Claims vacating and remanding a 2019 decision by the Board of Veterans' Appeals. Because this non-final order does not fall into the limited class of orders that we will consider under *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002), we dismiss.

I

Mr. Garciamedina served in the United States Marine Corps from 1999 to 2003. In 2003, a VA regional office (RO) assigned him a 10 percent rating for left and right shoulder disabilities. The RO rated Mr. Garciamedina's shoulder condition under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5299-5203.

In 2016, Mr. Garciamedina brought a claim of clear and unmistakable error (CUE) to revise the 2003 rating decision. Mr. Garciamedina argued that the RO selected the wrong DC and that he should have been assigned instead a 20 percent disability rating for each shoulder under 38 C.F.R. § 4.59 and DC 5201. The RO denied his CUE claim and he appealed to the Board.

The Board issued a decision denying Mr. Garciamedina's CUE claim. The Board held that there was no CUE in the 2003 decision. Although the Board acknowledged § 4.59, it stated—without citation or support—that "[p]rior to May 23, 2016, it was longstanding VA policy to interpret 'the minimum compensable rating' for a joint as a 10 percent rating, irrespective of the diagnostic code involved" and thus the RO in 2003 was "keeping with standard practice at the time" when it assigned Mr. Garciamedina a 10

percent rating. J.A. 42. The Board then stated that *Sowers v. McDonald,* 27 Vet. App. 472 (2016) resulted in a change in VA policy on May 23, 2016.

Mr. Garciamedina then appealed to the Veterans Court. The Veterans Court "conclude[d] that the Board provided inadequate reasons or bases for its decision." J.A. 8. According to the Veterans Court, "the Board here did not provide any explanation for its pronouncement that VA policy changed as a result of *Sowers* . . . . Accordingly, the Court's review of the Board's decision is frustrated." J.A. 8. The Veterans Court remanded the case to the Board. The Veterans Court said that Mr. Garciamedina was free to submit new arguments, including any raised in the appeal and specifically directed the Board to consider Mr. Garciamedina's arguments.

## II

We have "'generally declined to review non-final orders of the Veterans Court.'" *Williams v. Principi*, 275 F.3d 1361, 1364−65 (Fed. Cir. 2002) (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)); *see also Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). Consequently, remand orders are "ordinarily [] not appealable because they are not final." *Adams*, 256 F.3d at 1320.

Our decision in *Williams* provides a limited exception. We will depart from the strict rule of finality when a veteran establishes that: (1) the Veterans Court issued a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364.

## III

Mr. Garciamedina argues that we have jurisdiction to review this interlocutory remand order under *Williams*. Mr. Garciamedina posits that the remand decision serves as the Veterans Court's final ruling that "it may not interpret the law unless or until the Board provides an explanation for its legal ruling." Appellant's Br. 12. We disagree. The remand decision before us does not satisfy any of the *Williams* conditions.

The remand decision does not satisfy the first condition as there is no clear and final decision of a legal issue. Here, the Veterans Court did not even consider—let alone hold— whether it could review the Board's decision without a proper explanation for the Board's pronouncement that VA policy changed because of *Sowers*. The remand decision does not satisfy the second condition because the remand decision does not adversely affect Mr. Garciamedina. The remand decision does not satisfy the third condition because there is not a substantial risk that the remand proceedings will moot the issue.

## IV

For the foregoing reasons, the non-final remand order is not immediately appealable. Therefore, we dismiss the appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.