NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONNIE LEE BENNETT,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1083

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1412, Judge William S. Greenberg.

---

Decided: May 10, 2024

---

RONNIE LEE BENNETT, Memphis, TN, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Appellant Ronnie Lee Bennett appeals a decision from the Court of Appeals for Veterans Claims that set aside a February 2022 decision by the Board of Veterans' Appeals and remanded to the Board for readjudication. Because this non-final order does not fall into the limited class of orders that we will consider under *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002), we dismiss.

I

Mr. Bennett served on active duty in the Air Force from January 1976 to November 1977 as a dental laboratory specialist. In October 2004, he filed a claim for service-connected benefits for depression, which the regional office (RO) denied in 2005. On July 31, 2006, Mr. Bennett filed to reopen his claim for depression and later amended it to include post-traumatic stress disorder (PTSD). In January 2007, the RO declined to reopen Mr. Bennett's claim for depression and denied service connection for PTSD. Mr. Bennett filed a Notice of Disagreement in March 2007. As evidenced by the record in this case, Mr. Bennett's claims have a long procedural history, and have been remanded numerous times since their inception.

The underlying Board of Veterans' Appeals (Board) decision at issue in this appeal was issued on February 17, 2022. In that decision, the Board (1) granted a disability rating of 70 percent for PTSD with depression, effective July 31, 2006; (2) granted a total disability rating due to individual unemployability (TDIU) for the period of July 31, 2006 to April 26, 2011; (3) denied entitlement to compensation under 38 U.S.C. § 1151 for a psychiatric disorder other than PTSD; and (4) denied a disability rating in excess of 70 percent for PTSD with depression. Mr. Bennett appealed that decision to the Court of Appeals for Veterans Claims (Veterans Court).

Before the Veterans Court, the Secretary conceded that the Board provided an inadequate statement of reasons or bases for denying entitlement to compensation under 38 U.S.C. § 1151. Accordingly, the Veterans Court stated that it would "accept the Secretary's concessions of error, set aside that part of the February 2022 Board decision on appeal and remand the matter for readjudication consistent with the Secretary's concession." Appx. 1.[1] The Veterans Court also included a footnote addressing the other three issues that the Board had decided. In the footnote, the Veterans Court stated that it would not disturb the Board's favorable grant of a 70 percent disability rating for PTSD effective July 31, 2006, nor the grant of TDIU for the period of July 31, 2006, to April 26, 2011. Next, although Mr. Bennett's informal brief had argued for an earlier effective date for both the PTSD and TDIU ratings, the Veterans Court found that the issue was not on appeal because Mr. Bennett had not appealed the 2018 determination of his July 31, 2006, effective date. Finally, the Veterans Court found that the Board's denial of a rating in excess of 70 percent for PTSD was abandoned because Mr. Bennett had not challenged the issue. In conclusion, the Veterans Court stated that "[b]ecause the Court is remanding the only matter on appeal, it will not address the appellant's remaining arguments." Appx. 5.

## II

Our jurisdiction over appeals from the Veterans Court is limited by statute. *See Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We are vested with authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, however, we

---

[1] Citations to "Appx." refer to the Appendix submitted with the Secretary's informal brief. *See* ECF No. 8.

"may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

This court has "generally declined to review non-final orders of the Veterans Court." *Williams*, 275 F.3d at 1363−65 (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)); *see also Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). Consequently, remand orders are "ordinarily . . . not appealable because they are not final." *Adams*, 256 F.3d at 1320.

Our decision in *Williams* provides a limited exception to this rule. We will depart from the strict rule of finality when a veteran establishes that: (1) the Veterans Court issued a clear and final decision on a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364. All three conditions must be satisfied for the exception to apply. *Id.*

## III

Mr. Bennett argues that the three *Williams* conditions are satisfied and, therefore, we should "depart from the strict rule of finality" to address the merits of his arguments. Reply Br. 1 (referencing *Williams*, 275 F.3d at 1364). According to Mr. Bennett, "the remand decision may moot the issues," and therefore, "the remand deprives the Petitioner of his claimed right to a decision in his favor." Reply Br. 1, 3. We disagree, and hold that the remand decision before us does not satisfy any of the *Williams* conditions.

At the outset, the remand decision does not satisfy the first condition because there was no clear and final decision of a legal issue. Rather, the Veterans Court merely accepted the Secretary's concession of error and remanded for readjudication by the Board. The remand decision also does not satisfy the second condition because the remand does not adversely affect Mr. Bennett. In fact, the remand opens the possibility that Mr. Bennett might be entitled to higher compensation if the Board alters its § 1151 decision. Finally, the remand decision does not satisfy the third condition because there is not a substantial risk that the remand proceedings will moot any issues raised here.

Mr. Bennett also challenges various factual determinations made by the Veterans Court, such as its determination that Mr. Bennett abandoned the issue of entitlement to a rating in excess of 70 percent for PTSD and its determination that Mr. Bennett did not appeal the 2018 decision setting his effective date as July 31, 2006. Appellant's Br. 2. As discussed previously, however, we lack jurisdiction to review factual determinations or the application of law to fact in appeals from the Veterans Court absent a constitutional issue. *See, e.g.*, *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Because these determinations involve the application of law to the facts of Mr. Bennett's case, we are without authority to review them. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) (emphasizing that this court may "not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case").

Finally, Mr. Bennett alleges that his due process rights have been violated by the protracted nature of his case involving numerous remands and appeals. *See* Appellant's Br. 4–5, 8. While we empathize with Mr. Bennett's frustration over the many delays in this case, such delays do not transform his factual arguments into ones over which we may exercise jurisdiction. Because the Veterans Court did

not decide any constitutional issues and Mr. Bennett presents only bare assertions that his due process rights have been violated, we conclude that his challenges are constitutional in name only. As such, these challenges are not reviewable by this court. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (explaining that a veteran's mere characterization of an issue as constitutional in nature is insufficient to establish appellate jurisdiction in this court); *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (emphasizing that "[t]o the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed . . . his claim is constitutional in name only").

## IV

We have considered Mr. Bennett's remaining arguments and found them unpersuasive. Because the decision that Mr. Bennett challenges is a non-final order and does not meet the *Williams* conditions, the appeal is dismissed.

### **DISMISSED**

### COSTS

No costs.